JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Diane Cannon | LexisNexis Group and LexisNexis Risk Solutions Bureau, LLC |

| (b) County of Residence of First Listed Plaintiff    Montgomery Cty, PA | County of Residence of First Listed Defendant    Montgomery Cty, OH |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Vicki Piontek, Esquire<br>Piontek Law Offices<br>951 Allentown Rd, Lansdale, PA 19446 | Sharon F. McKee<br>Hangley Aronchick Segal Pudlin & Schiller,<br>One Logan Sq., 27th Fl., Philadelphia, PA 19103  T: 215-568-6200 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability   Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine   ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability   Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury   ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Med. Malpractice   ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability |   ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting   **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| |   ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1681

Brief description of cause:
Alleged Violations of FCRA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
7226.00 and other relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
10/1/12

SIGNATURE OF ATTORNEY OF RECORD
*Sharon F. McKee*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____c/o 951 Allentown Road, Lansdale, PA 19446_____

Address of Defendant (LexisNexis Group): _____None because there is no such legal entity as LexisNexis Group._____

Address of Defendant (LexisNexis Risk): _____1000 Alderman Drive, Alpharetta, Fulton County, GA 30005_____

Place of Accident, Incident or Transaction: _____Pennsylvania_____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a non-governmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☒      No ☐

Does this case involve multi-district litigation possibilities?      Yes ☐      No ☒

*RELATED CASE IF ANY*

Case Number: _____      Judge _____      Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐      No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐      No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐      No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1.  ☐  Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐  FELA
3.  ☐  Jones Act - Personal Injury
4.  ☐  Antitrust
5.  ☐  Patent
6.  ☐  Labor - Management Relations
7.  ☐  Civil Rights
8.  ☐  Habeas Corpus
9.  ☐  Securities Act(s) Cases
10. ☐  Social Security Review Cases
11. ☒  All other Federal Question Cases
    (Please specify) FCRA, 15 USC § 1681, et seq.

B. *Diversity Jurisdiction Cases*:

1.  ☐  Insurance Contract and Other Contracts
2.  ☐  Airplane Personal Injury
3.  ☐  Assault, Defamation
4.  ☐  Marine Personal Injury
5.  ☐  Motor Vehicle Personal Injury
6.  ☐  Other Personal Injury (Please specify)
7.  ☐  Products Liability
8.  ☐  Products Liability - Asbestos
9.  ☐  All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____Sharon F. McKee_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☒ Relief other than monetary damages is sought – *to the extent that the complaint seeks "such other relief as is just and proper."*

DATE: 10/1/12      _____Sharon F. McKee_____      81499
                   Attorney-at-Law                Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/1/12      _____Sharon F. McKee_____      81499
                   Attorney-at-Law                Attorney I.D. #

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _c/o 951 Allentown Road, Lansdale, PA 19446_

Address of Defendant (LexisNexis Group): _None because there is no such legal entity as LexisNexis Group._

Address of Defendant (LexisNexis Risk): _1000 Alderman Drive, Alpharetta, Fulton County, GA 30005_

Place of Accident, Incident or Transaction: _Pennsylvania_

*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a non-governmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒    No ☐

---

Does this case involve multi-district litigation possibilities?    Yes ☐    No ☒

*RELATED CASE IF ANY*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

---

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act - Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor - Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FCRA, 15 USC § 1681, et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _Sharon F. McKee_ , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☒ Relief other than monetary damages is sought -- *to the extent that the complaint seeks "such other relief as is just and proper."*

DATE: _10/1/12_    _Sharon F. McKee_    _81499_
              Attorney-at-Law              Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/1/12_    _Sharon F. McKee_    _81499_
              Attorney-at-Law              Attorney I.D. #

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANE CANNON,                                        :
                  Plaintiff,        : CIVIL ACTION NO.:
        v.                                         :
LEXISNEXIS GROUP,                                   :
     and                                           :
LEXISNEXIS RISK SOLUTIONS BUREAU, LLC, :
     and                                           :
JOHN DOES 1-10,                                     :
     and                                           :
X,Y, Z CORPORATIONS,                                :
                  Defendants.      :

## DISCLOSURE STATEMENT FORM

Please check one box:

☐     The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☑     The nongovernmental corporate party, LexisNexis Risk Solutions Bureau LLC, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:  LexisNexis Risk Solutions Bureau LLC is wholly owned by LexisNexis Risk Data Management Inc.  LexisNexis Risk Data Management Inc. is wholly owned by Reed Elsevier, Inc.  Reed Elsevier Inc. is wholly owned by Reed Elsevier U.S. Holdings Inc.  The ultimate parent company of Reed Elsevier U.S. Holdings, Inc. is Reed Elsevier Group plc. Reed Elsevier PLC and Reed Elsevier NV, both publicly held companies, own 10% or more of the stock of Reed Elsevier U.S. Holdings, Inc.

     LexisNexis Group is not a legal entity and therefore does not have a parent corporation and publicly held corporation that owns 10% or more of its stock.

                                     HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated:  October 1, 2012

                                  By: _____
                                  Sharon F. McKee (Pa. I.D. No. 81499)
                                  Bonnie M. Hoffman (Pa. I.D. No. 201140)
                                  One Logan Square, 27th Floor
                                  Philadelphia, PA 19103
                                  (215) 568-6200 (telephone)
                                  E-mail:   smckee@hangley.com
                                          bmh@hangley.com
                                  *Attorneys for Defendant LexisNexis Risk Solutions Bureau LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANE CANNON,                                    :
               Plaintiff,       :   CIVIL ACTION NO.:
        v.                              :
LEXISNEXIS GROUP,                                :
    and                                          :
LEXISNEXIS RISK SOLUTIONS BUREAU, LLC, :
    and                                          :
JOHN DOES 1-10,                                  :
    and                                          :
X,Y, Z CORPORATIONS,                             :
              Defendants.      :

### DISCLOSURE STATEMENT FORM

Please check one box:

☐      The nongovernmental corporate party, _____, in the above
           listed civil action does not have any parent corporation and publicly held
           corporation that owns 10% or more of its stock.

☑      The nongovernmental corporate party, LexisNexis Risk Solutions Bureau LLC,
           in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:  LexisNexis
           Risk Solutions Bureau LLC is wholly owned by LexisNexis Risk Data
           Management Inc.  LexisNexis Risk Data Management Inc. is wholly owned by
           Reed Elsevier, Inc.  Reed Elsevier Inc. is wholly owned by Reed Elsevier U.S.
           Holdings Inc.  The ultimate parent company of Reed Elsevier U.S. Holdings,
           Inc. is Reed Elsevier Group plc. Reed Elsevier PLC and Reed Elsevier NV, both
           publicly held companies, own 10% or more of the stock of Reed Elsevier U.S.
           Holdings, Inc.

      LexisNexis Group is not a legal entity and therefore does not have a parent corporation
and publicly held corporation that owns 10% or more of its stock.

                    **HANGLEY ARONCHICK SEGAL PUDLIN
                    & SCHILLER**

Dated:  October 1, 2012          By: *Sharon F. McKee*
                    Sharon F. McKee (Pa. I.D. No. 81499)
                    Bonnie M. Hoffman (Pa. I.D. No. 201140)
                    One Logan Square, 27th Floor
                    Philadelphia, PA 19103
                    (215) 568-6200 (telephone)
                    E-mail:    smckee@hangley.com
                                bmh@hangley.com
                    *Attorneys for Defendant LexisNexis Risk Solutions
                    Bureau LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

DIANE CANNON

v.                                                    No.:

LEXISNEXIS GROUP,
LEXISNEXIS RISK SOLUTIONS BUREAU, LLC,
JOHN DOES 1-10, and
X,Y, Z CORPORATIONS

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See §1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.                                        (     )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                       (     )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.               (     )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.       (     )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.   (See reverse side of this form for a detailed explanation of special management cases.)       (     )

(f) Standard Management - Cases that do not fall into any one of the other tracks.                             ( x  )

October 1, 2012                    _Sharon F. McKee_               LexisNexis Risk Solutions Bureau, LLC
_Date_                              _Attorney-at-Law_               _Attorney for_

215-568-6200                       215-568-0300                     sfm@hangley.com
_Telephone_                        _FAX Number_                     _E-Mail Address_

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may requires special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class act ions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE CANNON<br>c/o Piontek Law Office<br>951 Allentown Road<br>Lansdale, PA 19446,<br>　　　　　　　　　Plaintiff,<br>　　　　　v.<br>LEXISNEXIS GROUP<br>9443 Springboro Pike<br>Dayton, OH 45342,<br>　　　　　and<br>LEXISNEXIS RISK SOLUTIONS BUREAU, LLC<br>1000 Alderman Drive<br>Alpharetta, Fulton County, GA 30005,<br>　　　　　and<br>LEXISNEXIS RISK SOLUTIONS BUREAU, LLC<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>　　　　　and<br>JOHN DOES 1-10<br>(ADDRESS UNKNOWN),<br>　　　　　and<br>X,Y, Z CORPORATIONS<br>(ADDRESS UNKNOWN),<br>　　　　　　　　　Defendants. | : CIVIL ACTION NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

**TO:    UNITED STATES DISTRICT COURT**
**　　　　FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and Federal Rule of Civil Procedure 81(c), Defendant LexisNexis Risk Solutions Bureau LLC hereby files this Notice of Removal of Case No. 2012-06775, from the Court of Common Pleas of Montgomery County in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania. Defendant LexisNexis Group, which Plaintiff purports to name as a defendant in this case, is not a legal entity, is therefore not a proper party and cannot and has not properly been served. In

support of this Notice of Removal, LexisNexis Risk Solutions Bureau LLC avers as follows:

## I.   Background

1.      On March 20, 2012, Plaintiff Diane Cannon (hereinafter "Cannon") initiated this action by filing a Writ of Summons in the Court of Common Pleas of Montgomery County.  A copy of the docket is attached hereto as Exhibit "A."

2.      Cannon did not serve the Writ of Summons on any defendant.  *See* Ex. "A."

3.      The docket reflects that a Complaint was filed on July 27, 2012.  The Complaint purports to name "LexisNexis Group" and LexisNexis Risk Solutions Bureau, LLC as defendants.  A copy of the Complaint is attached hereto as Exhibit "B."

4.      The complaint seeks judgment and alleges violations under 15 U.S.C. § 1681, et. seq.

5.      LexisNexis Risk Solutions Bureau LLC received the Complaint via certified mail return receipt requested on September 11, 2012.

6.      LexisNexis Group is not a legal entity, is therefore not a proper party and cannot and has not properly been served.

7.      The docket does not reflect service of the Complaint upon LexisNexis Risk Solutions Bureau LLC or LexisNexis Group.  *See* Ex. A.

## II.   LexisNexis Risk Solutions Bureau LLC Has Satisfied the Procedural Requirements for Removal

8.      As required by 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of LexisNexis Risk Solutions Bureau LLC's receipt of the Complaint -- or "initial pleading" -- in this suit.  As noted about in Paragraph 2, Cannon did not serve the Writ of Summons on LexisNexis Risk Solutions Bureau LLC.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

10.     No previous application has been made for the relief requested herein.

11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Cannon and a copy is being filed with the Clerk's office for the Court of Common Pleas of Montgomery County, Pennsylvania.

**III.    This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1331**

12.     This Court has subject matter jurisdiction over this case because Cannon alleges violations of the Fair Credit Reporting Act ("FCRA") and the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. §1681, et. seq., which arise under federal law.

13.     This Court has jurisdiction over all civil actions "arising under the Constitution, laws and treaties of the United States" pursuant to 28 U.S.C. § 1331.

14.     Accordingly, this case is properly removable under 28 U.S.C. § 1331.

15.     By filing this Notice, no defendant waives its right to raise any objection, including without limitation to service of process, sufficiency of process, and defendants specifically reserve the right to assert any defenses and/or objections they are entitled to make, including whether any or all are proper defendants.

**WHEREFORE**, Defendant LexisNexis Risk Solutions Bureau LLC gives notice that the above action now pending in the Court of Common Pleas of Montgomery County is being

removed to this Court.

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

By: _Sharon F. McKee_

Sharon F. McKee (Pa. I.D. No. 81499)
Bonnie M. Hoffman (Pa. I.D. No. 201140)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200 (telephone)
E-mail:        smckee@hangley.com
               bhoffman@hangley.com

*Attorneys for Defendant LexisNexis Risk Solutions Bureau LLC*

Dated:  October 1, 2012

# EXHIBIT A

<u>Back to Search</u>  >  Case #2012-06775

## ⊟ Case Details

| | |
|---|---|
| Case Number | 2012-06775 |
| Commencement Date | 3/20/2012 |
| Case Type | Summons Civil Action |
| PFA Number | |
| Caption Plaintiff | CANNON, DIANE |
| Caption Defendant | LEXISNEXIS RISK SOLUTIONS BUREAU LLC |
| Lis Pendens Indicator | No |
| Status | 2 - OPEN |
| Judge | BARRETT |
| Parcel Number | |
| Remarks | |
| Sealed | No |
| Interpreter Needed | |

Docket Date Range:  Docket Entries

## ⊟ Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| CANNON, DIANE | 951 ALLENTOWN ROAD LANSDALE, PA 19446 UNITED STATES | UNITED STATES | PIONTEK, VICKI | Yes | 1 |

## ⊟ Defendants

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| LEXISNEXIS RISK SOLUTIONS BUREAU LLC | 1000 ALDERMAN DRIVE ALPHARETTA, GA 30005 UNITED STATES | UNITED STATES | | Yes | 1 |
| LEXIS NEXIS GROUP | 9443 SPRINGBORO PIKE DAYTON, OH 45342 UNITED STATES | UNITED STATES | | Yes | 2 |
| LEXISNEXIS RISK SOLUTIONS BUREAU LLC | C/O THE CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801 UNITED STATES | UNITED STATES | | Yes | 3 |

## ⊟ Garnishees

## ⊟ Other Party Types

## ⊟ Dockets

| Seq. | Filing Date | Docket Type | Docket Text | Sealed |
|---|---|---|---|---|
| 0 | 3/20/2012 | Summons Civil Action | | No |
| 1 | 3/20/2012 | Attorney To Proceed In Forma Pauperis | | No |
| 2 | 7/27/2012 | Complaint In | | No |

## ⊟ Judgments

## ⊟ Archive Locations

## ⊟ Linked Cases

Copyright © 2008-2012 Paperless Solutions, Inc. All rights reserved.

# EXHIBIT B



IN THE COURT OF COMMON PLEAS PA.
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

**RECEIVED**

SEP 1 1 2012

Diane Cannon
c/o Piontek Law Office
951 Allentown Road
Lansdale, PA 19446,

               **Plaintiff**

Vs.

LexisNexis Group
9443 Springboro Pike
Dayton, OH 45342
and
LexisNexis Risk Solutions Bureau, LLC
1000 Alderman Drive,
Alpharetta, Fulton County, Georgia 30005.
and
LexisNexis Risk Solutions Bureau, LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
and
John Does 1-10
(address unknown)
and
X,Y,Z Corporations
(address unknown),

               **Defendant(s)**

2012-06775

Jury Trial Demanded

## NOTICE

    You have been sued in Court. If you wish to defend against the claims set forth in the

following pages, you must take action within twenty (20) days after this Complaint and Notice

are served by entering a written appearance personally or by attorney and filing in writing with

the Court your defenses or objections to the claims set forth against you. You are warned that if

you fail to do so the case may proceed without you and a judgment may be entered against you

by the Court without further notice to you for any money claimed in the Complaint or for any

other claim or relief requested by Plaintiff(s). You may lose money or property or other rights

important to you.

    SEE NEXT PAGE ->->->->->->->->->->->->->->->

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Diane Cannon
c/o Piontek Law Office
951 Allentown Road
Lansdale, PA 19446,                    Plaintiff
Vs.
LexisNexis Group
9443 Springboro Pike
Dayton, OH 45342                                                    2012-06775
and
LexisNexis Risk Solutions Bureau, LLC
1000 Alderman Drive,
Alpharetta, Fulton County, Georgia 30005.
and
LexisNexis Risk Solutions Bureau, LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
and
John Does 1-10                                                     Jury Trial Demanded
(address unknown)
and
X,Y,Z Corporations
(address unknown),                     Defendant(s)

MAIL RECEIVED
PROTHONOTARY
MONTGOMERY COUNTY
2012 JUL 27 PM 1:19

## COMPLAINT

### INTRODUCTION

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s')

    alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate

    Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.



2012-06775-0002
7 27 2012 1:20:23 PM
Complaint In
Receipt # Z1590504      Fee    $0.00
Mark Levy - Montgomery County Prothonotary

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this District because Defendant(s) do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

4. Plaintiff resides in this jurisdiction.

5. A substantial portion of the transaction(s), occurrence(s) act(s) and / or omission(s) complained of in this action took place in this jurisdiction.

PARTIES

6.  All previous paragraphs of this complaint are incorporated by reference and made a part

    of this complaint.


7.  Plaintiff is Diane Cannon an adult individual with a mailing address of c/o Piontek Law

    Office, 951 Allentown Road, Lansdale, PA  19446.


8.  Defendant(s) is/are the following individuals and business entities.

    a.  LexisNexis Group, a business entity with a business address including but not limited to 9443
        Springboro Pike, Dayton, OH  45342.

    b.  LexisNexis Risk Solutions Bureau, LLC, 1000 Alderman Drive, Alpharetta, Georgia 30005,
        with a service address of LexisNexis Risk Solutions Bureau, LLC, c/o The Corporation
        Trust Company, 1209 Orange Street, Wilmington, DE  19801.

    c.  John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at
        this time, but which will become known upon proper discovery.  It is believed and averred
        that such Does played a substantial role in the commission of the acts described in this
        complaint.

    d.  X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time,
        but which will become known upon proper discovery.  It is believed and averred that such
        entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Redact Pertinent Portions of Plaintiff's Social Security Number**

9.  All previous paragraphs of this complaint are incorporated by reference and made a part
    of this complaint.

10. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

11. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

12. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a
    (c).

13. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report"
    on Plaintiff as defined by 15 USC 1681(a)(d), as follows:

14. At all times mentioned in this Complaint, Defendant(s) was a "consumer Reporting
    Agency" as defined by 15 USC 1681a(f) as follows.

15. Within the applicable statute of limitations prior to the commencement of this action,
    Plaintiff contacted Defendant(s) in writing and requested a copy of the information
    contained in Plaintiff's consumer report in which was maintained by Defendant(s).  See
    Exhibit A.

16. Plaintiff requested that Defendant(s) redact the first five digits of Plaintiff's consumer report. See Exhibit A.

17. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security Number because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

18. Defendant(s) was/were required to redact Plaintiff's consumer report even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

19. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

20. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

21. Such legislative purpose is also exemplified in 15 USC 1681c (g), which was also part of the FACTA of 2003. 15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale. Even the expiration date must be redacted. This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

22. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

23. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

24. Pursuant to Plaintiff's aforementioned written request to obtain Plaintiff's consumer report, and for Defendant(s) to redact the first 5 digits of Plaintiff's Social Security number on Plaintiff's consumer report, Defendant(s) sent Plaintiff a copy of Plaintiff's consumer report. However, the report sent by Defendant(s) to Plaintiff contained the first 5 digits of Plaintiff's Social Security number, not redacted.

25. The consumer report that was sent by Defendant(s) to Plaintiff contained the first five digits of Plaintiff's Social Security Number, not redacted.

26. Defendant(s) breached its / their duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer report after having been specifically requested in writing by Plaintiff to do so.

## LIABILITY

27. It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, and intentional.

28. Defendant(s) is/are liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant(s') agents were acting within the scope of their employment with Defendant(s).

29. In the alternative, Defendant(s) is/are liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant(s) and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

30. Any mistake made by Defendant(s) would have included a mistake of law.

31. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

## DAMAGES

32. At least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

33. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq..

34. Plaintiff believes and avers that Defendant(s') conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

35. Plaintiff requests punitive damages against Defendant(s) in the amount to be determined by this Honorable Court.

36. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $5,000.00 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

37. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $5,000.00 because Defendant(s') actions had the effect of compromising the integrity of 15 USC 1681 et. seq.

## ATTORNEY FEES

38. Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of $1,225.00 at a rate of $350.00 per hour, enumerated below.

a.  Consultation with client for the purpose of acquiring
    Plaintiff's consumer report, and reviewing this litigation     1

b.  Drafting, editing, review and filing of complaint,
    related documents and exhibit                                 .5

c.  Follow up contact with Defense                                 2
                                                    _____

                                                    3.5 x $350 = $1,225

39. Plaintiff's attorney fees continue to accrue as the case move forward.

40. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

41. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

42. Plaintiff requests a jury trial in this matter

43. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $7,226.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,225 attorney fees

$5,000 punitive damages

_____

$7,226

Plaintiff seeks such additional relief as the Court deems just and proper.

_____          7-24-2012
Vicki Piontek, Esquire          Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Diane Cannon
c/o Piontek Law Office
951 Allentown Road
Lansdale, PA 19446,
                  **Plaintiff**
Vs.
LexisNexis Group
9443 Springboro Pike
Dayton, OH 45342
and
LexisNexis Risk Solutions Bureau, LLC
1000 Alderman Drive,
Alpharetta, Fulton County, Georgia 30005.
and
LexisNexis Risk Solutions Bureau, LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
and
John Does 1-10                            Jury Trial Demanded
(address unknown)
and
X,Y,Z Corporations
(address unknown),         **Defendant(s)**

## VERIFICATION

I, Diane Cannon , affirm that the statements contained in the attached complaint are true and correct to the best of my knowledge, understanding, and belief.

_Diane Cannon_       _6/24/12_

Diane Cannon         Date

Diane Cannon
5910 Cottage Street
Philadelphia, PA  19135

Lexis Risk Solutions Bureau, LLC
RiskView Consumer Inquiry Department
P.O. Box 105108
Atlanta, GA  30348

**RE:  Diane Cannon**     **SSN:** ▓▓▓▓▓▓▓     **DOB: 12/9/1944**

To Whom it May Concern:

    I would like to request a free copy of my consumer report.  I have not obtained a copy of my report in the last 365 days.

    Enclosed please find a copy of my identification, and other documentation of my identity and my address.  Also, this letter is being notarized to assure my identity.

    **Please redact the first five digits of my Social Security number on my report.**

    Thank you.

                      Sincerely,

                      *Diane Cannon*  12/9/11
                      Diane Cannon   Date

*Gloria Bryant*
_____
Signature and Seal of Notary

My Commission Expires: *Apr. 25, 2015*

```
NOTARIAL SEAL
GLORIA BRYANT
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Apr 25, 2015
```

EXHIBIT A

## CERTIFICATE OF SERVICE

I, Sharon F. McKee, certify that on October 1, 2012, a copy of the foregoing Notice of Removal and Corporate Disclosure Statements were served via Federal Express upon the following:

> Vicki Piontek, Esquire
> Piontek Law Offices
> 951 Allentown Road
> Lansdale, PA  19446
>
> *Attorney for Plaintiff*

Sharon F. McKee