**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIANE CANNON,** | **CIV. A. NO. 2:12-5611** |
| **Plaintiff,** | |
| **v.** | |
| **LEXISNEXIS GROUP, ET AL.,** | |
| **Defendants.** | |

## ORDER

Upon consideration of the motion to dismiss of LexisNexis Risk Solutions Bureau LLC

and any response thereto, it is hereby ordered and decreed that the motion is granted and the

complaint is dismissed with prejudice.

_____

**TIMOTHY J. SAVAGE, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIANE CANNON,**<br><br>          **Plaintiff,**<br><br>          **v.**<br><br>**LEXISNEXIS GROUP, ET AL.,**<br><br>          **Defendants.** | **CIV. A. NO. 2:12-5611** |

**MOTION TO DISMISS OF
<u>LEXISNEXIS RISK SOLUTIONS BUREAU LLC</u>**

Defendant LexisNexis Risk Solutions Bureau LLC hereby moves pursuant to federal

rules of civil procedure 12(b)(6) to dismiss the complaint with prejudice for the reasons set forth

in the accompanying memorandum of law in support of this motion, which is incorporated

herein.

                                   HANGLEY ARONCHICK SEGAL PUDLIN &
                                   SCHILLER


                                   By: <u>/s/ Sharon F. McKee</u>
                                     Sharon F. McKee (Pa. Id. No. 81499)
                                     Bonnie M. Hoffman (Pa. Id. No. 201140)
                                   One Logan Square, 27th Floor
                                   Philadelphia, Pennsylvania  19103
                                   (215) 568-6200
                                   (215) 568-0300 facsimile
                                   smckee@hangley.com
                                   bhoffman@hangley.com


                                   *Attorneys for LexisNexis Risk Solutions*
                                   *Bureau LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE CANNON, | Civ. A. No. 2:12-5611 |
| **Plaintiff,** | |
| v. | |
| LEXISNEXIS GROUP, et al., | |
| **Defendants.** | |

MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS OF LEXISNEXIS RISK SOLUTIONS BUREAU LLC

I.     INTRODUCTION

Plaintiff Diane Cannon seeks to reap a windfall from an alleged technical violation of a

provision of the Fair Credit Reporting Act ("FCRA") that allows consumers who request a copy

of their credit reports to ask that certain digits of their Social Security numbers be truncated in

the copies that the consumers receive.  Although Plaintiff admits that she was in no way harmed

because her Social Security number was not truncated as requested, she nevertheless asks the

Court to award her thousands of dollars in putative damages and attorney's fees.

The Complaint should be dismissed because it fails to satisfy the requirements of

Twombly and Iqbal and state a plausible cause of action under the FCRA.  First, no facts are

alleged to suggest that LexisNexis Risk Solutions Bureau LLC ("LNRSB") intentionally or

recklessly violated the FCRA -- the standard that Plaintiff must meet for damages under Section

1681n.  Second, the pleading also lacks any allegations that "LexisNexis Group" -- which is not

a legal entity -- was involved in receiving her request or sending the consumer report to

Ms. Cannon.  Third, Plaintiff has not alleged nor can she state a claim for negligent

noncompliance under Section 1681o of the FCRA because she suffered no compensable damages.

## II.      SUMMARY OF ALLEGATIONS

The plaintiff, Diane Cannon, contends that she sent the letter appended to her Complaint as Exhibit A to LNRSB requesting a copy of her own consumer report.  (Compl. ¶ 15.)  Her letter further asks that the first five digits of her Social Security number on her report be redacted.  (Id. ¶ 16.)  The Complaint acknowledges that Ms. Cannon received the copy of the consumer report that she requested, but contends that the report "contained the first 5 digits of Plaintiff's Social Security number, not redacted." (Id. ¶ 24.)

Plaintiff does not contend that she was harmed in any way by the alleged failure to redact her Social Security number.  While the Complaint asserts that the FCRA permits a consumer to request redaction to protect the consumer from dumpster divers or other identity thieves (id. ¶ 22), the Complaint does not allege that this happened to Ms. Cannon.  In fact, the only putative actual damages alleged are "phone, fax, stationary, postage, etc.," by which she apparently means the cost of sending the original request for her report.  (Id. ¶ 32.) Nevertheless, the Complaint proceeds to demand statutory damages, punitive damages, costs and attorneys fees under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.  (Id. ¶¶ 33-40.)  The Complaint also purports to name as defendants not only the addressee of Ms. Cannon's letter, LNRSB, but undifferentiated "Defendant(s)," including "LexisNexis Group" (Id. ¶ 8a), which is not a legal entity.

III.     **ARGUMENT**

      **A.  The Complaint Does Not Plausibly Allege that LNRSB Willfully Violated the FCRA or State a Claim against "LexisNexis Group"**

The Third Circuit has described a three-step process to determine the sufficiency of a complaint under Twombly and Iqbal:  "First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (internal quotations and citations omitted).

With respect to the first step, under Section 1681g(a)(1)(A) of the statute when a consumer requests information in her file and, upon proper proof of identity, asks the consumer reporting agency ("CRA") not to include the first five digits of his or her Social Security number in the disclosure, the CRA shall truncate the number when making the requested disclosure.  Simply alleging, however, that the CRA failed to truncate the number is insufficient to state a cause of action because the FCRA does not impose strict liability.  Philbin v. Trans Union Corp., 101 F.3d 957, 964-65 (3d Cir. 1996).  A consumer who alleges a violation of the FCRA must plead facts which plausibly show that the CRA was either (1) negligent in failing to comply with an FCRA requirement, 15 U.S.C. § 1681o, or (2) failed to comply willfully, id. § 1681n.  See also Safeco Ins. Co. v. Burr, 551 U.S. 47, 53 (2007).

Plaintiff's barebones Complaint offers only the conclusory allegation that "the acts committed by Defendant (s` [sic]), were willful, wanton, and intentional."  (Compl. ¶ 27.)  Stripped of this formulaic recitation, the Complaint avers nothing more than that Ms. Cannon, a consumer, asked LNRSB to send her a copy of her report and redact her Social Security number,

but that "Defendant(s)" sent her a copy of her report without the requested redaction.  The

Complaint does not contain any factual allegations that plausibly state a claim that LNRSB

knowingly or recklessly did not redact the Social Security number.  See Ashcroft v. Iqbal, 556

U.S. 662, 678, 686-87 (2009) (Rule 9(b) does not excuse the plaintiff from satisfying Rule 8).

This Complaint is even more defective than the complaint dismissed in Gardner v.

Appleton Baseball Club, Inc., Civ. A. No. 09-705, 2010 WL 1368663, at *1 (E.D. Wis. Mar. 31,

2010).  The plaintiff there filed an action after receiving a receipt that contained the expiration

date of his credit card, in violation of the FCRA.  Id.  The court noted that it was "just as

reasonable to infer that a company could print an expiration date on a credit card receipt

negligently rather than willfully.  Indeed it is far more likely that the violation was merely

negligent, if even that. . . .  After all, what did a minor league baseball team stand to gain by

printing a few extra digits on a receipt for a hot dog and subjecting itself to potential liability of

$100 to $1,000 for each transaction?  Although willfulness includes recklessness, there is no

suggestion of a motive in the complaint at all."  Id. at 6; see also Miller-Huggins v. SpaClinic,

LLC, Civ. A. No. 09-2677, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010).  Likewise here, the

Complaint does not suggest that LNRSB had any motive not to truncate the Social Security

number, nor is it plausible that LNRSB would recklessly expose itself not only to statutory

damages but the punitive damages, costs and attorney's fees that Plaintiff seeks rather than

truncate the number as requested.

The Complaint also contains no factual allegations to suggest that "LexisNexis Group" --

not a legal entity -- had any involvement in responding to Ms. Cannon's request for her

consumer report.  The *pro forma* assertions of *respondeat superior* or joint and several liability

(Compl. ¶¶ 28, 29), do not serve as a basis for naming "LexisNexis Group" as a defendant in this

action.  See Butt v. United Bhd. of Carpenters & Joiners, Civ. A. No. 09-4285, 2010 WL 2080034, at *1 (E.D. Pa. May 19, 2010).

For the foregoing reasons, LNRSB respectfully requests that (1) Plaintiff's putative claim for damages under 15 U.S.C. § 1681n be dismissed with prejudice and Paragraphs 27, 33-37 be stricken from the Complaint; and (2) that claims against "LexisNexis Group" be dismissed with prejudice.

### B. The Complaint Fails to State a Claim under 15 U.S.C. § 1681o Because It Does Not Allege that Ms. Cannon Has Any Actual Damages

Having failed to state a claim for a willful violation of the FCRA, the only remaining question is whether the Plaintiff has stated a claim under 15 U.S.C. § 1681o, which provides relief for negligent noncompliance with the FCRA.  Plaintiff has not, and, indeed, apparently did not intend to do so.  As the U.S. Supreme Court explained in Safeco, "a common law term in a statute comes with a common law meaning, absent anything pointing another way."  551 U.S. at 58.  At common law, damages are an essential element of a negligence claim.  65 C.J.S Negligence § 54; see also Doe v. Chao, 540 U.S. 614, 621 (2004) (noting "the traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed").  Where, as here, no actual damages are alleged, the plaintiff cannot maintain a claim under Section 1681o. Lagrassa v. Jack Gaughen, LLC, Civ. A. No. 1:09-770, 2011 WL 1257384, at *6 (M.D. Pa. Mar. 11, 2011).

Congress did not intend to pave the way for consumers who suffered no actual harm to bring suit and run up legal fees.  Congress created the truncation requirements as part of the 2003 amendments to the FCRA (also known as the Fair and Accurate Credit Transaction Act or "FACTA") with the aim of reducing identity theft and fraud by preventing criminals from

obtaining personal and financial information, such as full credit card numbers.  See 15 U.S.C.

§ 1681c.  When the provisions pertaining to credit cards went into effect, however, the courts

were deluged with lawsuits asserting technical violations of FACTA although no actual harm

had occurred.  Pub. L. 110-241, § 2.  Such abusive lawsuits, Congress found, did not "protect

consumers but only result in increased cost to business and potentially increased prices to

customers."  Id.

The Complaint does not allege that Ms. Cannon's identity was stolen or that she was in

any way harmed by the consumer report that she requested and received.  The items that the

Complaint does mention -- phone, fax, stationery, postage totaling approximately $1.00 -- are not

damages, but simply costs associated with requesting the report to begin with.  See Casella v.

Equifax Credit Info. Servs., 56 F.3d 469, 474 (2d Cir. 1995); Spector v. Equifax Info. Servs., 338

F. Supp. 378, 385 (D. Conn. 2004).  In the absence of any recoverable, actual damages, the

Complaint fails to state a cause of action under Section 1681o.

IV.    CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.

> HANGLEY ARONCHICK SEGAL PUDLIN
> & SCHILLER
>
>
> By: /s/ Sharon F. McKee
>     Sharon F. McKee
>     Bonnie M. Hoffman
> One Logan Square, 27th Floor
> Philadelphia, Pennsylvania  19103
> (215) 568-6200
> (215) 568-0300 facsimile
> smckee@hangley.com
> bhoffman@hangley.com
>
> Attorneys for LexisNexis Risk Solutions
> Bureau LLC

**CERTIFICATE OF SERVICE**

I, Sharon F. McKee, certify that on November 9, 2012, a copy of the foregoing Proposed

Order, Motion to Dismiss of LexisNexis Risk Solutions Bureau LLC and Memorandum of Law

in support thereof was served via ECF filing upon the following:

> Vicki Piontek, Esquire
> Piontek Law Offices
> 951 Allentown Road
> Lansdale, PA  19446
>
> *Attorney for Plaintiff*

/s/  Sharon F. McKee
Sharon F. McKee